**CARPENTERS FIJI, LTD., Plaintiff**

**v.**

**JOEL F.C. PEN, JOHN'S GENERAL CONSTRUCTION CO., dba J.G.C. LUMBER AND HARDWARE, and KYOWA SHIPPING CO., jointly and severally, Defendants**

High Court of American Samoa
Trial Division

CA No. 111-94

September 8, 1995

Before KRUSE, Chief Justice, AFUOLA, Associate Judge, and ATIULAGI, Associate Judge.

Counsel: For Plaintiff, Marshall Ashley
For Defendants Joel F.C. Pen and John's General Construction Co., Togiola T.A. Tulafono
For Defendant Kyowa Shipping Co., Ellen A. Ryan

Order Granting Motion for Partial Summary Judgment:

This matter relates to four transactions in which defendant John's General Construction ("JGC") ordered construction materials from plaintiff Carpenters Fiji, Ltd. ("Carpenters"). JGC has made some payments against this debt but, according to Carpenters, the principal sum of $70,176.26 remains owing. Carpenters has provided an affidavit, invoices and other materials tending to establish that the foregoing facts are true, and now moves for summary judgment based on these materials. *See* T.C.R.C.P. 56(e). JGC has presented no contrary evidence since this summary judgment motion was filed, and was not represented at the hearing held on August 22, 1995. Additionally, Carpenters has made formal requests for admissions, which essentially ask JGC to stipulate to

the occurrence of the relevant transactions. These requests have gone unaddressed by JGC for more than 30 days, and are therefore deemed admitted under T.C.R.C.P. 36(a).

T.C.R.C.P. 56(e) states, in relevant part:

> The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

■ The purpose of the foregoing rule is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." F.R.C.P. 56(e), Advisory Committee Notes. In *Utu v. Nat'l Pacific Ins.*, 9 A.S.R.2d 9 88, 93 n.4 (Trial Div. 1988), this court admonished "the Bar of American Samoa . . . that henceforth a party opposing another's motion for summary judgment will not be allowed to rest upon his pleadings or the assertions of lawyers who have no personal knowledge of the facts."

■ JGC appears to have thrown in the proverbial towel by having failed to respond either on paper or in court to Carpenters' motion for summary judgment. Although JGC's president filed sworn answers to interrogatories on November 11, 1994 (prior to the motion for summary judgment), at best these constitute a denial that the relevant construction materials were ordered by facsimile. This assertion is not particularly persuasive, however, in light of JGC's subsequent failure to reference this denial in reply to the summary judgment motion, or to respond in any other way. Furthermore, in Carpenter's request for admissions filed on January 26, 1995, JGC was asked to admit that the orders were faxed, but has neither given "written answer or objection addressed to the matter," nor referenced the prior answers to interrogatories, nor made any other attempt to reply as required under T.C.R.C.P. 36(a). Furthermore, there is nothing in the answers to interrogatories which denies that JGC received and freely accepted the goods and made partial payment for them, thus incurring a debt to Carpenters. *See* JOHN D. CALAMARI & JOSEPH M. PERILLO, CONTRACTS § 2-21 (1977); ROBERT J. NORDSTROM, LAW OF SALES § 142 (1970).

For the foregoing reasons, Carpenters' motion for summary judgment is granted and judgment shall accordingly enter in favor of Carpenters against JGC in the amount of $70,176.26.

It is so ordered.